UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Edward Wells, #133275 (*aka*, Ray Anthony Wells); <br><br> Plaintiff; <br><br> vs. <br><br> SCDC Medical Staff Head Nurse Ms. Derrick; SCDC Commission Jon Ozmint; SCDC Warden George T. Hagen; and SCDC Doctor Thomas Byrne; <br><br> Defendants. | C/A No. 8:06-0517-CMC-BHH <br><br><br><br> **Report and Recommendation** |

The Plaintiff, Ray Edward Wells (hereinafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief under Title 42 United States Code §1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is incarcerated at Allendale Correctional Institution. The narrative from his Complaint is recited below verbatim:

> SCDEC the Doctor Tomhas [sic] Byrne he know that I have fell [sic] from a top bunk which was five feet in the air in my sleep, hitting the back of my head on a concrete floor back in 2005 and all he have been doing is keep doing is giving me medication that don't seen [sic] to help me and he sent me to have some xrays taken August 2005 when my xrays results came back its finding there is some narrowing [sic] demonstrated of the 1.5-S1 no fractures or [sic] demonstrated considerable fecal is noted in the colon: conclusions narrowing is noted at the 1.5-S1 disc space: exam date November 2005. Exam L-spine ap and lat referrer Thomas Byrne SCDC Allendale fell of [sic] bunk June 2005.

1

November 2005, I fell hitting the back of my head and back on a concrete floor after laying there for hours the head nurse came in my room where, I was laying on the floor couldn't move because both of my legs and arms was numb for what reason I don't know what cause me to fall she stated that I refused medication the day before but I stated to her that it was making me dizzy that I was allergic to it and the head nurse Ms. Derrick didn't come back to check on me while I was on the concete [sic] floor and didn't send me a order to report to come to medical the next day. I had to sign up for sick call in order to see the doctor, but she left my room and never return when she couldn't get my arms and legs to move and she is responsible for the sick call here at ACI such as I have went to sign up for sick call and it don't [sic] be sick call list out only to have me going through a lot more pain and surffer [sic] more and I don't think that the medical staff should had to me off of my blood pressure medication [sic] when they knew at times when I came to sick call and they check it be high and knowing that I bring my medication packs when asked.

Warden Georg T. Hagan could had referral me to a specialist [sic] so he could have learn more about my situation and so the doctor and medical staff would know how to deal with it after, I fell from the top bunk when I kelp [sic] on complaining about the medications wasn't doing me no good before it got worse, I feel my reason for not getting medical care is because I don't have no money and I feel that medical neglect because I was then and now or [sic] in a great deal of pain.

Commission Jon Ozmit [sic] could had looked into my situation to see why do the medical staff keep me on the same medications for all of my injurys [sic] and to see why they didn't do anything about my situation after I was injuried [sic] the first time then other injurys [sic] would not have happen and look into the situation why did ACI have me placed upon a top bunk and could had had some blood drawed [sic] on me to see what medications I can and cann't [sic] take and look into my past medical records in and out of the SCDC. I would like for the court to apoint [sic] me and [sic] attorney in this case and award me for the surgery that I'm going to need sooner or later and that a jury be picked and to send me my medical records from ACI and to get this case in court as soon as posible [sic] and get me a settlement for the amount of 28,999,000,00 [sic] and for pain and surffing [sic] and violating my rights and not giving me the correct medical care and for my attorney stay in touch with me.

[1-1, pp. 3-5]  Plaintiff attaches forty (40) pages of SCDC grievance forms.  A number have been returned to Plaintiff "unprocessed" because they were repetitive.[1]

### *Pro Se* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*.  Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him or her.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### MEDICAL TREATMENT UNDER 42 U.S.C. §1983

With respect to medical and health needs, a prisoner must show deliberate indifference to a serious need. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*,

---

[1] – Even if this action had merit, dismissal could be justified by Plaintiff's obvious disinterest in a meaningful pursuit of administrative remedies. He has filed grievance forms most of which were never pursued beyond Step One in the of SCDC "Inmate Grievance System."   ACI staff noted on several that they duplicate ACI-1358-05 or ACI-0143-06.  Plaintiff does not supply either of those grievances.  He has, however filed the following: ACI-1383-05; ACI-1384-05; ACI-1385-05; ACI-1386-05; ACI-1387-05; ACI-1388-05; ACI-1397-05; ACI-1398-05; ACI-1399-05; ACI-1409-05; ACI-1427-05; ACI-1429-05; ACI-1449-05; ACI-1480-05; ACI-1488-05; ACI-1510-05; ACI-0019-06; ACI-0020-06; ACI-0043-06; ACI-0071-06; ACI-0144-06; ACI-154-06; ACI-0158-06; ACI-0162-06.

429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Circ. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Circ. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Circ. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Circ. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Circ.1991) *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

At the thresh hold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *Shakka v. Smith*, *supra*; *Strickler v. Waters*, 989 F. 2d 1375 (1993). Even an objective injury arising from malpractice cannot support a cause of action under 42 U.S.C. §1983. Negligent medical treatment, even if shown to have occurred, is not a violation of constitutionally protected rights. *Estelle v. Gamble*, *supra*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998).

From the Complaint itself, this Court can discern that the Defendants have not displayed deliberate indifference to any serious medical need of Plaintiff. He states that he fell in June 2005 and was seen by Dr. Byrne who has prescribed medication. Plaintiff complains that the medicine does not "seem" to help him.

After his alleged fall, Plaintiff states that x-rays were taken in August 2005 and again in November 2005. Plaintiff admits that Dr. Byrne referred him for these examinations. Plaintiff has obviously not been denied access to his records because he recites the findings of the November 2005 examination.

Plaintiff claims that he fell again in November 2005. He was seen in his cell by the head nurse who, according to Plaintiff, observed that he had refused his medication

the day before. Plaintiff says that he did not take the medicine because it made him dizzy, thereby admitting that he has been a non-compliant patient.

Plaintiff speculates that he is allergic to his medication. He also claims that he has suffered adverse reactions because the ACI medical staff mistakenly "had to [sic] me off of my blood pressure medication" at times when their own test procedures revealed his blood pressure was high. The inference arises that the Defendants have monitored Plaintiff's blood pressure and have adjusted his medication in accordance with their medical judgments.

Plaintiff simply disagrees with the diagnoses, the prescriptions and the treatments. His allegations fall short of the requisite "deliberate indifference" to sustain an action under 42 U.S.C. §1983. Disputes over diagnoses and claims of medical malpractice are clearly insufficient to maintain such an action in this Court.

Plaintiff's complaints against Defendants Hagan and Ozmint fail for two reasons. Plaintiff does not allege that these Defendants have <u>denied</u> him medical treatment but rather that they have failed to monitor and overrule medical judgments made by the ACI medical staff. This complaint is patently unreasonable. To the extent that Plaintiff complains of negligent supervision – even though administrative staff have no direct supervisory over medical judgments – his § 1983 claims cannot rest upon the doctrine of *respondeat superior*. The doctrine of *respondeat superior* generally is inapplicable to §1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).

The Fourth Circuit Court of Appeals has also stated that liability under §1983 cannot be premised on the doctrine of *respondeat superior. See Ross v. Reed*, 719 F.2d

689 (4th Cir. 1983). Supervisory liability "is not premised upon *respondeat superior* but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care."' *Shaw v. Sttoud*, 13 F.3d 791, 798 (4th Cir. 1994)(quoting *Slakan v Porter*, 737 F.2d 368 (4th Cir. 1984)). The Fourth Circuit Court of Appeals also stated that the plaintiff assumes a heavy burden of proof in order to establish supervisory liability. *Slakan v. Porter*, *supra*. In *Slakan* the Court stated that "[h]e not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive [practices]." 737 F .2d at 373.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, *supra*. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id*.

## **RECOMMENDATION**

The Complaint fails to state a claim upon which relief may be granted in this Court. Defendants should not be required to answer. It is recommended that this action be dismissed without prejudice and without issuance or service of process. It is also recommended that this dismissal be deemed a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g). The Plaintiff's attention is directed to the Notice on the following page.

                              Respectfully Submitted,

                              S/Bruce H. Hendricks
                              United States Magistrate Judge

February 27, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
